UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

YANA ANDERSON

CIVIL ACTION

VERSUS

NO. 16-126-JJB-EWD

TACI INVESTMENTS, INC., ET AL.

## RULING

This matter is before the Court on a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 31) brought by the Defendants, (collectively referred to as "TACI"). The Plaintiff, Yana Anderson ("Anderson"), filed an Opposition (Doc. 33), and the Defendants filed a Reply Brief (Doc. 34). Oral argument is unnecessary.

### I.    BACKGROUND[1]

Anderson was an employee at a Kentucky Fried Chicken store operated by TACI. She worked for TACI for three weeks. She sued TACI for overtime pay and liquidated damages under the Fair Labor Standards Act ("FLSA"). On June 9, 2016, and pursuant to Rule 68 of the Federal Rules of Civil Procedure, TACI tendered an offer of judgment in the amount of $325 to Anderson. The offer of judgment further stated that TACI would pay the costs allowed by the FLSA, including reasonable attorney fees to be agreed upon by the parties or by this Court. On June 24, 2016, Anderson accepted the offer of judgment and filed notice of the acceptance (Doc. 22).

Rule 68 states: "If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance plus proof of service. The clerk must then enter judgment."[2] Although more than four months have passed

---

[1] All facts are taken from *Defs.' Supp. Mem*, Doc. 31-1.
[2] Fed. R. Civ. P. 68.

since Anderson filed her acceptance, the Clerk of Court has not yet entered judgment in favor of Anderson as required by Rule 68.

Defendants argue that Plaintiff's FLSA claims are moot in light of their offer of judgment which provided Plaintiff with the maximum relief she is entitled to under the FLSA. Defendants argue that this Court must dismiss the case because it lacks subject matter jurisdiction. Plaintiff does not dispute that the offer of judgment provided her with full relief. However, she argues that Defendants' Motion to Dismiss is premature and that the case should not be dismissed until the Clerk is directed to enter judgment as required by Rule 68.

## II.   STANDARD OF REVIEW

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court may dismiss a case for lack of subject matter jurisdiction. Unlike a Rule 12(b)(6) motion, when considering a Rule 12(b)(1) motion, the court is free to weigh evidence and consider facts outside of the complaint.[3] A court may render a jurisdictional decision based on the complaint alone, the complaint supplemented by undisputed facts, or the complaint supplemented by undisputed facts and the court's resolution of those disputed facts.[4]

## III.   DISCUSSION

This Motion calls upon the Court to determine whether an acceptance of an offer of judgment moots a case such that the Court is divested of its power to enter that very judgment. If counsel had contacted chambers, this Motion could have been disposed of summarily.

Defendants' hyper-technical jurisdictional argument would render Rule 68 meaningless. Rule 68 states: "If, within 14 days after being served, the opposing party serves written notice

---

[3] *Robinson v. TCI/US West Communications*, 117 F.3d 900, 904 (5th Cir. 1997).
[4] *Id.*

accepting the offer, either party may then file the offer and notice of acceptance plus proof of service. The clerk must then enter judgment."[5] Taken to its logical end, the Defendants' argument seems to imply that a court can never enter judgment on an accepted offer because the case is moot at the moment of acceptance by a plaintiff and a court is powerless to enter judgment after that moment.[6] The Court is not willing to adopt a position that would contradict the clear mandate of Rule 68.

## IV.  CONCLUSION

For the reasons stated herein, counsel for Plaintiff shall submit a form of judgment after having obtained approval as to the form from opposing counsel within 5 days. Once the undersigned signs the judgment and it is entered into the record by the clerk's office, this action shall be dismissed and all pending motions (including Doc. 31) will be moot.

Signed in Baton Rouge, Louisiana, on October 31, 2016.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[5] Fed. R. Civ. P. 68. The Court also notes that courts "generally [have] no discretion whether or not to enter the judgment. A rule 68 offer of judgment is usually considered self-executing." *Ramming v. Natural Gas Pipeline Co.*, 390 F.3d 366, 370 (5th Cir. 2004).
[6] In their Reply Brief (Doc. 34), Defendants cite *Genesis Healthcare Corp v. Symczyk*, 133 S. Ct. 1523 (2013) for the proposition that an unaccepted offer of judgment moots a case, and that in such a case, there is obviously no entry of judgment. They further argue that "[c]ommon sense dictates that, if an unaccepted offer of judgment can moot a case, then an accepted offer of judgment can moot a case without the entry of judgment by the clerk." *Genesis Healthcare* does not stand for the proposition that an unaccepted offer of judgment moots a case; in that case the majority refused to decide that issue. In fact, the Supreme Court has recently ruled that the opposite is true—"an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016). For this reason, the Court does not find *Genesis* helpful in resolving the question before the Court.