UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

YANA ANDERSON, INDIVIDUALLY and on
BEHALF OF ALL OTHER SIMILARLY
SITUATED CURRENT AND FORMER EMPLOYEES        CIVIL ACTION

VERSUS

NO. 16-126-JJB

TACI INVESTMENTS, INC., ET AL.

## RULING AND ORDER ON ATTORNEY FEES AND COSTS

This matter is before the court on plaintiff's motion (doc. 37) for attorney fees and costs. Defendant has filed an opposition; there is no need for oral argument.

Plaintiff Yana Anderson filed this collective action asserting claims for overtime pay and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq. Approximately four months later, defendants tendered an offer of judgment in the amount of $325, which specified that defendants would pay costs allowed by the FLSA, including reasonable attorney's fees. Following entry of the judgment, the parties were unable to reach agreement as to fees and costs and plaintiff filed the instant motion.

Plaintiff seeks an order fixing attorney fees in the amount of $17,095.00, as well as costs in the amount of $3,702.27. She claims that her attorneys spent a total of 92.60 hours (12.75 hours by Gordon E. Jackson, 12.10 hours by Paula Jackson and 67.75 hours by J. Russ Bryant) on this matter. (Doc. 40). Plaintiff supports her request with an affidavit and time sheets charging $350 for Mr. Jackson's work and $250 for the work of two associate attorneys.

The parties have amply set forth the law with no real disagreement. The court must calculate a lodestar by multiplying the number of hours reasonably expended by an appropriate hourly rate.[1] The court then makes adjustments based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases
> *Id.* at n.9.

The main disagreement centers on the number of hours reasonably expended in litigating this matter. Plaintiff claims that she has reduced the fee by approximately 35% of her counsel's billable time (i.e., reducing $26,300 to $17,095). While plaintiff's counsel claims to have exercised billing judgment, the court agrees with defendants that the amount sought is still too high. It is axiomatic that unproductive, excessive and redundant hours must be written off. As defendants further observe, this case was neither complicated nor time-consuming. The court finds that a large portion of the fees sought are based upon unproductive, excessive and redundant hours.

---

[1] While defendants take issue with the rates charged by plaintiff's counsel, the court finds that these arguments do not call for any substantial reduction in the overall award.

ACCORDINGLY, the motion to set fees and costs is hereby GRANTED and the court hereby ORDERS defendants to pay attorney fees in the amount of $6,500. The request for costs should be submitted within 14 days to the clerk of court for taxation pursuant to Fed. Rule Civ. P. 54(b).

Signed in Baton Rouge, Louisiana on 15th day of February, 2017.

JAMES J. BRADY, DISTRICT JUDGE